**Opinion issued August 5, 2025.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00810-CR

————————————

**GREGORY WAYNE CHATMAN II, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 12th District Court**
**Grimes County, Texas**
**Trial Court Case No. 18384**

## MEMORANDUM OPINION

On July 23, 2018, appellant Gregory Wayne Chatman II pleaded guilty to assault causing bodily injury by impeding circulation or breath[1] in exchange for four years deferred adjudication community supervision. On June 10, 2022, the

---

[1]     TEX. PENAL CODE § 22.01(b)(2)(B).

State moved to adjudicate his guilt, alleging: (1) cannabis use; (2) failure to report; (3) failure to maintain suitable employment; (4) unauthorized travel; (5) failure to pay fines, fees, and costs; (6) failure to enroll in family violence counseling; and (7) failure to perform community service hours. The trial court adjudicated appellant guilty and sentenced appellant to seven years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely filed his notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying the Court with references to the record and legal authority. *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has informed the Court that he provided appellant with a copy of his *Anders* brief and his motion to withdraw. Counsel also informed appellant of his right to examine the appellate record and file a response to counsel's *Anders* brief.

2

Further, counsel provided appellant with a form motion to access the appellate record.[2] *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Appellant has not filed a response to his counsel's *Anders* brief.

We have independently reviewed the entire record, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that appellant may challenge a holding that there are no arguable grounds for an appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

**Conclusion**

---

[2] This Court also notified appellant that counsel had filed an *Anders* brief and a motion to withdraw and informed appellant that he had a right to examine the appellate record and file a response to his counsel's *Anders* brief. And this Court provided appellant with a form motion to access the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).

3

We affirm the judgment of the trial court and grant appellant's appointed counsel's motion to withdraw.[3] Attorney Zach Coufal must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

Amparo "Amy" Guerra
Justice

Panel consists of Justices Guerra, Gunn, and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[3] Appellant's counsel still has a duty to inform appellant of the result of the appeal and that appellant may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).